## Frink & Co. v. Whicher.

After a cause has been tried before a justice of the peace, and been taken by appeal to the district court, where the venue was changed and the cause continued, it is too late to submit a motion to dismiss on the ground of variance between the petition and notice.

The petition is the foundation of the action, and the notice should conform to it ; and in case of variance, the discrepancy should fall upon the notice. Such discrepancy is cured by appearance.

Where a case is taken to the district court by appeal, errors and irregularities are to de disregarded.

### Appeal from Scott District Court.

*Opinion by* GREENE, J. This suit was commenced before a justice of the peace, by John Frink and company, against the defendant, for cutting and mutilating a hack. Defendant recovered. Plaintiffs appealed to the district court, where the defendant's motion to dismiss was granted, on the ground of a variance between the petition and notice. This motion to dismiss was not made until after

a change of venue, a continuace of the cause, and other proceedings in which defendant appeared. As the cause had been tried on the merits before a justice of the peace, an appeal taken, and several appearances in the district court, before the motion was made, the objection clearly came too late. If there was a misjoinder of parties, it should have been taken advantage of, before trial. But in this case there appears to have been a variance. The petition is the foundation of the action, and the notice should conform to it. In case of variance, the discrepancy should fall upon the notice. Hence, such discrepancy is cured by appearance.

Besides, on appeal, all such errors and irregularities are to be disregarded; Code, § 2343.

Judgment reversed.

*Smith, McKinlay* and *Poor*, for appellant.

*W. G. Woodward*, for appellee.